Sheryl ALDERDICE, Plaintiff–Appellant,

v.

AMERICAN HEALTH HOLDING, INC., Defendant–Appellee.

No. 00–4501.

United States Court of Appeals, Sixth Circuit.

June 14, 2002.

Before NORRIS, SILER, and GILMAN, Circuit Judges.

**MEMORANDUM OPINION**

PER CURIAM.

Plaintiff Sheryl Alderdice appeals from a grant of summary judgment to her former employer, defendant American Health Holding, Inc. Plaintiff filed suit under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.,* the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.,* and the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. §§ 2601–2654, after she was fired from her position as a utilization nurse with defendant. Plaintiff alleges that she was wrongfully terminated be-

cause she suffered from health problems that adversely affected the interests of her former employer; defendant counters that its decision stemmed from plaintiff's repeated tardiness.

In her brief to this court and during oral argument, plaintiff contended that the record contained direct evidence that officers of American Health specifically intended to terminate her in order to preclude her from taking advantage of short-term disability benefits to which she was entitled in violation of § 510 of ERISA. Our independent review of the record fails to support this contention. The depositions relied upon by plaintiff reveal that officers of the company considered plaintiff's request for leave to some extent before deciding to fire her. However, there is no evidence that the decision to terminate plaintiff was motivated by a desire to prevent her from using short-term disability benefits. As the district court pointed out in its grant of summary judgment, her claim for denial of leave fails because American Holding did not have the requisite fifty employees necessary to trigger the FMLA. To prevail on her ERISA claim, plaintiff must demonstrate that her termination was motivated by a specific intent to interfere with her rights to ERISA benefits. *See Pennington v. Western Atlas, Inc.*, 202 F.3d 902, 906 (6th Cir.2000). She has not done so.

Because we adopt the reasoning of the district court as set forth in its Opinion and Order dated October 19, 2000, an opinion by this court would be duplicative and serve no useful purpose.

The judgment of the district court is **affirmed.**

GILMAN, Circuit Judge, concurring in part and dissenting in part.

I concur with the majority's conclusion that Sheryl Alderdice failed to present a genuine issue of material fact with respect to her Americans with Disabilities Act and Family and Medical Leave Act claims. But I disagree with the affirmance of summary judgment for American Health Holding, Inc. on Alderdice's Employment Retirement Income Security Act (ERISA) claim. In my view, Alderdice's evidence, when viewed in the light most favorable to her, would permit a jury to rule in her favor on the ERISA claim. I therefore respectfully dissent from the majority's conclusion to the contrary.

## I.  STANDARD OF REVIEW

Summary judgment is proper where no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). In considering such a motion, the court must view the evidence and draw all reasonable inferences in favor of the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). This standard requires us to deny summary judgment where reasonable minds might disagree as to which of two competing factual accounts is correct or as to the inferences to be drawn from those disputed facts, even if we believe that the party seeking summary judgment will prevail at trial. *Dreiling v. Peugeot Motors of Am., Inc.*, 850 F.2d 1373, 1377 (10th Cir.1988) ("[T]he trial judge must deny motions for summary judgment when reasonable jurors might disagree, even though the judge as trier of fact would find for the moving party. On appeal, we apply this same standard ...."). As the Supreme Court has explained, the central issue in resolving motions for summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S.

242, 251–52, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

## II. ALDERDICE'S ERISA CLAIM

### A. Background

Alderdice began working at American Health as a utilization-review nurse in December of 1996. She was diagnosed with breast cancer that same month and had a partial mastectomy performed in January of 1997. Although she returned to work the following day, she received radiation therapy over the next six weeks that required numerous alterations to her scheduled hours.

Approximately ten months after her mastectomy, Alderdice had a hysterectomy. She took medical leave from the date of her surgery in October of 1997 until early December of that year. American Health provided Alderdice short-term disability benefits during this period.

Alderdice informed her supervisor in June of 1998 that she would need to take another leave of absence in order to have sinus surgery later that year. On August 18, 1998, she submitted a formal request for a month's leave of absence to begin in September. American Health, however, had no occasion to inform Alderdice whether her absence was approved, because it terminated her employment on August 21, 1998, just three days after her formal request for leave. Its stated reason for this action was Alderdice's repeated tardiness.

Alderdice received several reprimands about being late to work during her employment with American Health. The first formal warning occurred on June 13, 1997, when Alderdice's supervisor spoke to her about "habitual tardiness" and then noted the problem in her personnel file. Alderdice's supervisors issued seven verbal warnings to her between January and July of 1998. She received a second formal reprimand on July 23, 1998, warning that any additional violations within 90 days could result in her discharge. Alderdice was told that her termination was the result of four instances in which she had failed to comply with American Health's attendance policy.

### B. Analysis

Section 510 of ERISA makes it "unlawful for any person to discharge ... a participant or beneficiary for exercising any right to which he is entitled under the provisions of an employee benefit plan, ... or for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan ...." 29 U.S.C. § 1140. An employee who alleges a violation of § 510 "must show that the employer engaged in prohibited conduct for the purpose of interfering with the employee's attainment of any right to which he may become entitled under an ERISA-protected plan." *Roush v. Weastec, Inc.,* 96 F.3d 840, 845 (6th Cir.1996). This burden requires the plaintiff to establish "that the employer engaged in the prohibited conduct with the *specific intent* of violating ERISA." *Id.* (emphasis in original). Despite this requirement, "the plaintiff need not show that the employer's sole purpose in discharging her was to interfere with her entitlement to benefits but rather only that it was a motivating factor in the decision." *Shahid v. Ford Motor Co.,* 76 F.3d 1404, 1411 (6th Cir.1996) (internal quotation marks and citation omitted).

In the present case, Alderdice relies upon the deposition testimony of Operations Manager John Collins to establish that American Health terminated her employment in order to avoid having to pay disability benefits during her planned leave of absence for sinus surgery. Col-

lins testified that several weeks before Alderdice was discharged, he attended a meeting at which the decision was made to scrutinize Alderdice's attendance on a daily basis in an attempt to find a reason to terminate her employment. According to Collins, his coworkers discussed the fact that Alderdice might be taking another disability leave and expressed their concern "[t]hat they apparently had made leeways for her the year before and didn't want to make leeways again and did not want to approve an additional disability leave." He told the other attendees that he was concerned about "having the reason for terminating her being because of the disability" and that "they may be opening themselves up for a potential lawsuit."

Alderdice also presented the affidavits of two coworkers, both of whom were utilization nurses, to support her contention that her tardiness and attendance problems were a pretext to hide unlawful interference with her benefits under an ERISA plan. Both of Alderdice's coworkers aver that they and other employees frequently arrived to work late but were never disciplined.

I believe that Collins's testimony and the affidavits from Alderdice's coworkers create a genuine issue of material fact with respect to whether American Health's desire to avoid having to pay Alderdice disability benefits was a "motivating factor" in its decision to terminate her. Although several employees who attended the August 21, 1998 meeting at which the decision to terminate Alderdice's employment was made averred that their action was not related to Alderdice's health, these affidavits at most create a factual question for the jury. The standards that govern our evaluation of motions for summary judgment, in my view, prevent us from resolving this dispute. *Anderson v. Liberty Lob-*

*by, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (explaining that "at the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial"). I believe that Alderdice's evidence, when all inferences are drawn in her favor, presents "genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Id.* at 250.

My conclusion requires a consideration of American Health's argument that Alderdice has failed to identify a qualified ERISA benefit or welfare plan that would apply to her, a contention which the district court did not address. I believe that, at least for the purpose of summary judgment, we should assume that Alderdice was covered by an ERISA plan. This assumption is warranted because American Health provided Alderdice benefits pursuant to a short-term disability plan after she had her hysterectomy. *Shahid v. Ford Motor Co.,* 76 F.3d 1404, 1409 (6th Cir.1996) (noting that ERISA applies to "'employee welfare benefit plan[s],'" which are defined as "'any plan, fund, or program . . . established or maintained by an employer . . . for the purpose of providing for its participants . . . medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death or unemployment . . .'") (quoting 29 U.S.C. § 1002(1)). If the case were remanded to the district court for a trial on Alderdice's ERISA claim, which I believe would be the proper disposition, the district court could determine whether the plan that provided disability benefits to Alderdice following her hysterectomy was in fact a qualified ERISA plan.

## III. CONCLUSION

Unlike my colleagues, I believe that Alderdice has presented a genuine issue of

material fact with respect to whether her request for disability benefits was a motivating factor in American Health's decision to terminate her employment. The majority, in my opinion, has improperly allowed the district court to make this decision for itself rather than let the jury resolve this disputed factual issue. I therefore respectfully dissent from the majority's holding that American Health was entitled to summary judgment on Alderdice's ERISA claim.

Before BOGGS, SILER, and MOORE, Circuit Judges.